People v Solar
2026 NY Slip Op 03763
June 16, 2026
Appellate Division, First Department
Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.
This decision is uncorrected and subject to revision before publication in the Official Reports.

The People of the State of New York, Respondent,
v
Felipe Solar, Defendant-Appellant.

Decided and Entered: June 16, 2026
Ind. No. 541/03|Appeal No. 6897|Case No. 2022-05214|
Before: Webber, J.P., Kapnick, Gesmer, Rodriguez, Rosado, JJ.

Jenay Nurse Guilford, Center for Appellate Litigation, New York (Cathy Liu of counsel), for appellant.
Darcel D. Clark, District Attorney, Bronx (Jonathan L. Gold of counsel), for respondent.

[*1]
Order, Supreme Court, Bronx County (Raymond L. Bruce, J.), entered on or about October 27, 2022, which adjudicated defendant a level three sexually violent predicate sex offender pursuant to the Sex Offender Registration Act (Correctional Law art 6-C), unanimously affirmed, without costs.
The court providently exercised its discretion when it declined to grant a downward departure, and no basis exists for this Court to exercise its independent discretion to adjudicate him a level two offender (see People v Gillotti, 23 NY3d 841, 861 [2014]). As this Court determined with respect to defendant's New York County conviction (People v Solar, 243 AD3d 531 [1st Dept 2025]), there were no mitigating factors that were not adequately taken into account by the risk assessment instrument. Given the egregiousness of the underlying crimes and the danger that a reoffense by defendant would cause a high degree of harm, there is no basis for a downward departure (see People v Roldan, 140 AD3d 411 [1st Dept 2016], lv denied 28 NY3d 904 [2016]). Defendant has not shown that his rehabilitative efforts, his family support, or his age warrant a downward departure. THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: June 16, 2026